Jean L. Hofeld, Admrx. of the Estate of Albert F. Hofeld, Deceased, Plaintiff-Appellee, v. Nationwide Life Insurance Company, Defendant-Appellant.

(No. 55069; ▮▮▮▮▮▮▮▮)

First District—July 26, 1972.

*Rehearing denied September 27, 1972.*

O'Brien, Hanrahan, Wolfe & Been, of Chicago, (Delbert T. Been and James S. Conniff, of counsel,) for appellant.

Albert F. Hofeld, William J. Harte, and Phillip Rock, all of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Nationwide Life Insurance Company, a corporation, appeals from a judgment entered in the Circuit Court of Cook County denying the motion for summary judgment based on a counterclaim filed

by said defendant, and finding in favor of the plaintiff based on her action for declaratory judgment.

The issues presented for review are whether the trial court erred in applying Illinois statutory law to an insurance contract issued in Georgia, and whether the trial court abused its discretion in entering judgment in favor of the plaintiff.

The defendant, Nationwide Life Insurance Company, an Ohio corporation, issued two group policies of disability insurance to the National Association of Women's and Children's Apparel Salesmen, Inc., (NAWCAS), a national organization of individual traveling salesmen who sell women's and children's apparel. The two policies were issued to the association at its offices in Atlanta, Georgia. Coverage under both policies was made available to the members of the association. The basic policy provided $200 per month in disability benefits plus certain medical benefits. The second policy, made available to NAWCAS members at a later date than the original policy, provided optional disability benefits of $800 per month and certain medical benefits.

Albert F. Hofeld, an Illinois resident and member of NAWCAS, made application with the defendant on July 29, 1962, for coverage under the basic policy. This application was accepted by the defendant on August 15, 1962. Later, when the optional policy became available, Mr. Hofeld applied for coverage under it and was accepted by the defendant with the effective date of August 1, 1963. In both instances, the defendant issued a policy certificate to Mr. Hofeld to show he was covered under the NAWCAS group policy. It is undisputed that neither of the application forms submitted to the defendant by Mr. Hofeld were attached to the policy certificate issued to him by the defendant, nor were they attached to or endorsed on the group policy.

On December 27, 1963, Mr. Hofeld was injured in an auto accident but returned to work soon thereafter. In both February and October, 1964, he was hospitalized for pneumonia. He was also hospitalized for some fractured ribs which resulted from a fall. At the end of 1964, he terminated his work as a salesman and did not work from February, 1965, until his death on April 15, 1967.

During the years 1964 and 1965, until November 23, 1965, when payments stopped, the defendant paid Mr. Hofeld approximately $7500 in total and permanent disability benefits under the second policy in addition to other total and permanent disability benefits under the basic policy. In the early part of January, 1966, Mr. Hofeld was informed by the defendant that no further benefits under either policy would be paid, as his case was under investigation. Mr. Hofeld received no further

benefits under either policy until his death. During this period, however, Mr. Hofeld never missed a premium payment for either policy.

In March, 1966, Mr. Hofeld filed an action for declaratory judgment in the Circuit Court of Cook County. The defendant filed an answer to this action in which it asserted by affirmative defense that there were fraudulent, false and misleading statements in Mr. Hofeld's application for coverage under the optional disability policy issued by the defendant. The defendant also filed a counterclaim for a return of benefits paid to Mr. Hofeld on the theory of fraudulent misrepresentation in his application.

Following Mr. Hofeld's death, Jean L. Hofeld, his wife, was substituted as plaintiff in the instant action. The plaintiff thereafter filed an answer to the counterclaim and a reply to the affirmative defense, denying the allegations of fraud and misrepresentation in the application. Based on depositions of both Mr. Hofeld and Jack Fairchild, the defendant's agent who sold the group insurance to NAWCAS and is now the administrator of such program, the defendant filed a motion for summary judgment on the counterclaim which alleged misrepresentation in Mr. Hofeld's application. The defendant's motion contended such misrepresentations were material to the risk and, if known to the defendant, the policy would never have been issued. In opposition to this motion, the plaintiff filed certain documents as well as a brief which raised the applicability of a certain section of the Illinois Insurance Code, namely, Ill. Rev. Stat. 1967, ch. 73, sec. 766. The plaintiff also filed counter-affidavits in support of a motion to strike the defendant's affirmative defense and its counterclaim. These counteraffidavits demonstrated that no copy of Mr. Hofeld's application was attached to either the master copy of the insurance contract, nor were copies attached to the certificate of insurance which was mailed to Mr. Hofeld. The plaintiff asserted such action by the defendant insurance company was necessary under the previously cited section of the Illinois Insurance Code.

The defendant filed a brief in support of its motion for summary judgment resisting the plaintiff's attempt to have the court apply any section of the Illinois Insurance Code and insisting the law of Georgia applied to the instant controversy.

The trial court denied the defendant's motion for summary judgment and, applying Illinois Revised Statutes 1967, ch. 73, sec. 766, granted the plaintiff's motion to withdraw her reply to the defendant's affirmative defense and to strike both the affirmative defense and also the defendant's counterclaim. The trial court, upon hearing both sides agree that no factual issues remained, then entered judgment in favor of the plaintiff from which the defendant appeals.

The first issue raised by the defendant on appeal is whether the trial court erred in applying Illinois statutory law to the insurance contract in the instant case. More specifically, the defendant contends the trial court improperly applied a certain section of the Illinois Insurance Code (Ill. Rev. Stat. 1967, ch. 73, sec. 766), to the instant insurance contract. This section requires the insurer, in order for the insurer to preserve the defense of misrepresentation by the insured, attach the insurance application containing the alleged misrepresentation to the policy, or make it a part thereof. The defendant claims the trial court rather should have applied those relevant sections of the Georgia Insurance Code to the instant contract. The Georgia insurance statutes, in effect, do not require such attaching of the insurance application to the policy, and thereby do not preclude the insurer from raising the claim of misrepresentation by the insured if the application containing the alleged misrepresentation is not attached to the policy.

The basis for the defendant's argument that Georgia insurance statutes, rather than the relevant Illinois statutes, should have been applied is the fact that included in the group policy was the following clause:

"This policy is delivered in the State specified above and is governed by the laws thereof."

The defendant contends this clause requires the policy be interpreted under the relevant Georgia statutes, since the group policy was delivered to the NAWCAS offices in Georgia.

The defendant's sole purpose in requesting this court apply Georgia law is evidence: the Georgia insurance statutes do not prohibit the defense of misrepresentation in the application in the event the insurer fails to attach the application or a copy of the application to the group policy. The law of Illinois (Ill. Rev. Stat. 1967, ch. 73, sec. 766), however, dictates that the application which the insurer purports to contain the misrepresentation be attached to, or endorsed on, the policy. The purpose for the existence of such a statute in Illinois is to protect the residents of Illinois, as the deceased herein, from the prohibitive provisions contained in insurance codes of other states. In the instant case, the only factor tying the insured to the insurance laws of Georgia is that clause in the group policy, previously cited, upon which the defendant bases its argument. The defendant insists this clause requires the application of Georgia law even in light of the fact that the clause is not contained in any document received by the insured, but only in the group policy held in NAWCAS in Atlanta, Georgia.

■■ We cannot accept the defendant's argument as valid. The Illinois insurance statutes were drafted in furtherance of the public policy of this state which is to protect its insured residents. By applying Georgia law

in the instant case, when the insured had no reason to know such law would be applied, would be contrary to this public policy. We, therefore, affirm the judgment of the trial court in applying Illinois statutory law to the instant insurance contract.

The second issue presented for review is whether the trial court abused its discretion in entering judgment for the plaintiff.

██ The defendant contends the trial court was only faced with a motion by the plaintiff to strike both the defendant's affirmative defense, as not a proper defense, and the defendant's counterclaim, as not stating a cause of action. Since the trial court was not faced with a request by the plaintiff to enter judgment in favor of the plaintiff, the defendant contends to enter judgment in such an instance was an abuse of discretion by the trial court.

We disagree with the defendant's contention that the action by the trial court was an abuse of discretion. The record clearly reflects that the trial court's first ruling, allowing the plaintiff's motion to strike both the defendant's affirmative defense and counterclaim, was based on sound legal reasoning. The reasoning was that after the trial court had ruled the respective Illinois insurance statute (Ill. Rev. Stat. 1967, ch. 73, sec. 766), applied, there was admittedly no proper affirmative defense raised and the counterclaim failed to state a cause of action since both were based on Georgia statutory law. The record further reflects the trial court had no recourse, after striking the defendant's affirmative defense and its counterclaim, but to enter judgment in favor of the plaintiff, since no issues of facts based on the alleged misrepresentations by the plaintiff in his insurance application remained when Illinois statutory law was applied.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.